NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**LARRY VAN PRICHARD,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2012-3045

---

Petition for review of the Merit Systems Protection Board in No. SF0432100852-I-1.

---

Decided: May 15, 2012

---

LARRY VAN PRICHARD, of Glendale, California, pro se.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before NEWMAN, CLEVENGER, and LINN, *Circuit Judges*.

PER CURIAM.

Larry Van Prichard ("Prichard") appeals from a final decision of the Merit Systems Protection Board ("Board") affirming its refusal, in an initial order, to address Prichard's affirmative defenses because they were rendered moot by Prichard's reinstatement and award of back pay and benefits. *See Prichard v. Dep't of Defense*, 117 M.S.P.R. 88 (2011). Because the Board correctly determined that Prichard would be entitled to no further relief if he proved his affirmative defenses, the Board's decision is affirmed.

## I. BACKGROUND

Prichard is an Industrial Security Specialist for the Defense Security Service of the Department of Defense (the "Department"). Prichard was removed for performance reasons and he appealed his removal to the Board. Prichard asserted affirmative defenses of (1) harmful procedural error, (2) violations of 5 U.S.C. § 2302(b)(4) and (b)(6), and (3) sex discrimination. *See* 117 M.S.P.R. at 92-93. In its initial decision, the Board determined that the Department's performance evaluation criteria were invalid and that Prichard must be reinstated and awarded back pay and benefits on that basis. The Board's initial decision did not address the procedural error and personnel practices issues because it determined that its reinstatement decision already afforded Prichard all the relief he could have received had he prevailed on those defenses. *Id*. at 93. The Board also noted that Prichard had failed to support his sex discrimination defense with any evidence, and that even if the facts as alleged were true, they did not amount to sex discrimination. *Id*.

The Department petitioned for review and Prichard cross-petitioned. The Board affirmed the initial decision

in all respects and noted that Prichard did not contest the sex discrimination issue in his cross petition. *Id.* at 101. Prichard timely appealed and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. ANALYSIS

This court will affirm a final decision of the Board unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3).

On appeal, Prichard argues generally that the Board erred by treating the harmful procedural error and prohibited personnel practices issues as moot because they could have entitled him to money damages over and above his reinstatement, back pay, and benefits. Prichard also claims support for his position specifically in 42 U.S.C. § 1981a, which is a part of the Civil Rights Act of 1991, and which provides for damages in cases of intentional discrimination in employment.

The Department counters by arguing that Prichard's affirmative defenses of harmful error and prohibited personnel practices are moot because the Board lacks authority to award additional compensatory or consequential damages on the basis of those defenses. The Department contends that Prichard's reinstatement, and award of back pay and benefits, are the only relief to which those defenses would have entitled him. Further, the Department argues that the Board's initial decision properly found that Prichard failed to carry his burden of proof regarding sex discrimination, subsequently failed to contest the Board's initial decision, and has provided no basis upon which to justify the relief he claims.

The Board's authority to award consequential and compensatory damages is limited. *See Lane v. Pena*, 518

U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."). While the Board has the power to award consequential damages when ordering corrective action pursuant to a Special Counsel complaint proceeding under 5 U.S.C. § 1214(g)(2) and 5 C.F.R. § 1201.202(b)(2), this power does not avail Prichard for two reasons. First, Prichard seeks damages to remedy his non-pecuniary losses. But the consequential damages provision of § 1214(g)(2) does not authorize damages for non-pecuniary losses. *See Bohac v. Dep't of Agriculture*, 239 F.3d 1334, 1342 (Fed. Cir. 2001) (explaining, in reaching the same conclusion regarding the corresponding provision of 5 U.S.C. § 1221, that "section 1214 . . . was designed to allow only for reimbursement of out-of-pocket costs" and not non-pecuniary damages). Second, nothing waives sovereign immunity to grant the Board authority to award § 1214 damages in a direct appeal as opposed to a Special Counsel investigation. *See Giove v. Office of Personnel Management*, 106 M.S.P.R. 53, 57 (2007) ("The Board's authority to award damages is limited to a few categories of cases, i.e., cases in which the Board orders corrective action in an individual right of action appeal, those in which it orders corrective action in response to a petition filed by the Special Counsel under 5 U.S.C. § 1214, and those in which it finds intentional discrimination of a kind covered under the Civil Rights act of 1991."); 5 C.F.R. § 1201.201(c) ("An award of consequential damages is authorized in only two situations: Where the Board orders corrective action in a whistleblower appeal . . . and where the Board orders corrective action in a Special Counsel complaint."). The Board was, thus, correct in concluding that Prichard's claim for consideration of his alleged harmful procedural error and prohibited personnel practices evidence was moot because the Board, in granting reinstatement, back pay, and benefits, had granted all the relief he may obtain.

As for Prichard's contention that the Board has authority to award compensatory damages under 42 U.S.C. § 1981a and 5 C.F.R. § 1201.202(c), this contention is misplaced and untenable. Damages under § 1981a relate to claims for discrimination over which this court has no jurisdiction and for which Prichard has failed to provide any proof. 5 U.S.C. § 7703(b)(2). Moreover, Prichard expressly abandoned any claims of discrimination in his Federal Circuit Rule 15(c) Statement Concerning Discrimination filed in connection with this appeal. Because Prichard cannot establish that he is entitled to any further relief than the Board has already granted him, this court affirms the Board's decision.

## AFFIRMED

### COSTS

Each party shall bear its own costs.