**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WANDA T. MALLORY,
          Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
DC-0432-13-0347-I-2

DATE: June 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Seth Masley</u>, Lanham, Maryland, for the appellant.

<u>Suzanne L. Lawrence</u>, Beltsville, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On August 14, 2012, the appellant was placed on a 90-day performance improvement plan (PIP) for not meeting the fully successful level for Critical Element 1, Administrative Support, and Critical Element 2, Planning and Organizing Work, of her Secretary position. *Mallory v. Department of Agriculture*, MSPB Docket No. DC-0432-13-0347-I-2, Initial Appeal File (I-2 IAF), Tab 7 at 5-9. The agency rated the appellant under a 3-tiered performance appraisal system consisting of the following three element ratings: (1) exceeds; (2) fully successful; and (3) does not meet. *Id.* at 11-16.

¶3        After the agency determined that the appellant's performance had not improved to the fully successful level in Critical Elements 1 and 2, the agency issued a notice of proposed removal on November 16, 2012. I-2 IAF, Tab 5 at 26-31. At the same time, the agency placed the appellant on administrative leave pending a decision on her proposed removal. *Id.* at 32-33. Effective January 26, 2013, the agency removed the appellant based on her unacceptable performance in Critical Elements 1 and 2 of her position. *Id.* at 13-16.

¶4     The appellant filed a formal equal employment opportunity (EEO) complaint with the agency on February 7, 2013.  I-2 IAF, Tab 9 at 3-4, Tab 10 at 37-41.  She subsequently filed an appeal of her removal with the Board.  *Mallory v. Department of Agriculture*, MSPB Docket No. DC-0432-13-0347-I-1, Initial Appeal File (I-1 IAF), Tab 1.  In an initial decision, the administrative judge dismissed the Board appeal without prejudice.  I-1 IAF, Tab 16, Initial Decision.

¶5     On September 25, 2013, the appellant refiled her Board appeal without requesting a hearing because her EEO complaint had not been resolved by the agency within 120 days pursuant to 5 C.F.R. § 1201.154(b)(2).  I-2 IAF, Tab 1.  She raised the affirmative defense of disability discrimination based upon the agency's alleged failure to accommodate her disabling conditions of sleep apnea, tendonitis, and diabetes.[2]  I-2 IAF, Tab 1 at 4, Tab 4 at 4-5; *see* I-1 IAF, Tab 1 at 3.  In the conference call summary, the administrative judge apprised the appellant of the elements of her affirmative defense of disability discrimination based on a failure to accommodate.  I-2 IAF, Tab 4 at 4-9.  The administrative judge also confirmed, based on discussions during the conference call, that the appellant was not alleging discrimination based on age, race, color, or reprisal for protected activity.  *Id.* at 5 n.4.  Because the appellant elected to file a Board appeal after exhausting the agency's EEO procedures under 5 C.F.R. § 1201.154(b), she is entitled to de novo review before the Board.  *See Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 341 (1995).  In an initial decision based upon the written record, the administrative judge affirmed the agency's removal action.  I-2 IAF, Tab 16, Initial Decision (ID) at 1, 20.  The administrative judge

[2] Although the appellant alleged that she has a high risk of fibroid tumors, she did not provide any evidence to support her claim.  I-1 IAF, Tab 1 at 3.  Further, the administrative judge did not address this claim in the initial decision, and the appellant did not raise it as an issue on review.

also found that the appellant failed to prove her affirmative defense of disability discrimination. ID at 15-20.

¶6      The appellant has filed a petition for review reasserting disability discrimination. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 4. The appellant filed a reply to the agency's response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the appellant's performance-based removal.

¶7      To prevail in an appeal of a performance-based removal under chapter 43, the agency must establish the following factors by substantial evidence[3]: (1) the Office of Personnel Management (OPM) approved its performance appraisal system and any significant changes thereto[4]; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

---

[3] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

[4] Ordinarily, the Board will presume that OPM has approved the agency's performance appraisal system; however, if an appellant has alleged that there is reason to believe that OPM did not approve the agency's performance appraisal system or significant changes to a previously approved system, the Board may require the agency to submit evidence of such approval. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). The appellant has not contested this factor. I-2 IAF, Tab 4 at 3.

¶8        Agency performance appraisal systems may include between two and five summary rating levels.  5 C.F.R. § 430.208(d).  Under any performance appraisal system, the lowest rating level is unacceptable, which is the only rating that will support removal under chapter 43.  *Van Prichard v. Department of Defense*, 117 M.S.P.R. 88, ¶ 14 (2011), *aff'd*, 484 F. App'x 489 (Fed. Cir. 2012).  Under certain performance appraisal systems, performance of a critical element may fall between fully successful and unacceptable.  *Id.*, ¶¶ 14-15; 5 C.F.R. §§ 430.207(c), 430.208(d).  When there is such an intermediary rating level, an appellant could reach a marginal level of performance without falling to the unacceptable level of performance that would support removal under chapter 43.  *Van Prichard*, 117 M.S.P.R. 88, ¶ 15.  In this case, the agency rated the appellant under a 3-tiered system without an intermediary level between the element ratings of fully successful and does not meet.  I-2 IAF, Tab 7 at 11-16.  Therefore, the agency validly required the appellant to meet the fully successful level during her PIP to avoid removal under chapter 43.  *Cf. Van Prichard*, 117 M.S.P.R. 88, ¶¶ 14-15 (finding that the agency erred by requiring the appellant to reach the fully successful level during his PIP to avoid removal under chapter 43 when the agency rated him under a 5-tiered performance appraisal system containing a marginal rating level that fell between fully successful and unacceptable).

¶9        In her petition for review, the appellant asserts for the first time that she had "Documents and Folders of Time and Attendance records, and lots of Travel finished Documents" that she could have submitted as evidence of her acceptable performance, but she was unable to because she was placed on administrative leave prior to her removal and her personal items were placed in a box and thrown away before she could retrieve them.  PFR File, Tab 1 at 3.  Because she does not explain why she could not raise this argument below, we decline to address it on review.  *See* 5 C.F.R. § 1201.115(d).

¶10       The appellant does not provide any other evidence or argument to dispute the administrative judge's finding that the agency proved the five factors of a

performance-based removal by substantial evidence. *See* ID at 4-15, 19-20. Based on our review of the record, we discern no reason to disturb this finding. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

<u>The administrative judge properly found that the appellant failed to prove her affirmative defense of disability discrimination based on a failure to accommodate.</u>

¶11    The appellant reasserts on review her claim of disability discrimination based on the agency's failure to accommodate. PFR File, Tabs 1, 5. The Rehabilitation Act requires an agency to provide reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship on its business operations.[5] *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014). As pertinent here, a "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" is "a physical or mental impairment that substantially limits[6] one or more major life activities of such

---

[5] As a federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 11 n.4 (2012). However, the standards under the American with Disabilities Act (ADA) have been incorporated by reference into the Rehabilitation Act. *Id.*; *see* 29 U.S.C. § 791(f). The ADA Amendments Act of 2008 (ADAAA), which liberalized the definition of disability, became effective on January 1, 2009. *See* Pub. L. No. 110-325, 122 Stat. 3553 (2008). Because the appellant was removed from her position on January 26, 2013, the ADAAA definition is applicable. *See* I-2 IAF, Tab 5 at 13. Although the ADAAA changed the interpretation of the law as to the existence of a disability, it did not affect the requirements of the law as to reasonable accommodation. *See Davis*, 119 M.S.P.R. 22, ¶ 11 n.4.

[6] The Equal Employment Opportunity Commission's regulations that implement the ADA, as amended by the ADAAA, provide that the term "'substantially limits' shall be

individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C). "Major life activities" include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Reasonable accommodation includes modifications to the manner in which a position is customarily performed to enable a qualified individual with a disability to perform the essential job functions, or reassignment of the employee to a vacant position whose duties the employee can perform. *Clemens*, 120 M.S.P.R. 616, ¶ 10.

¶12    In order to prove a disability discrimination claim based on a failure to accommodate, an appellant must prove that she is a disabled person, that the action appealed was based on her disability and, to the extent possible, she must articulate a reasonable accommodation under which she believes she could perform the essential duties of her position or of a vacant funded position to which she could be reassigned. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 16 (2010).

¶13    The administrative judge found that the appellant failed to prove her disability discrimination claim based on a failure to accommodate the conditions of diabetes, sleep apnea, and tendonitis. ID at 15-19. Specifically, the administrative judge found that the appellant failed to provide evidence that she had diabetes, that diabetes caused her unacceptable performance, or that any

construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i). "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ii).

accommodation was necessary as a result of her diabetes.[7]  ID at 17.  The administrative judge also found that, despite the appellant's medical evidence showing that she suffers from sleep apnea, the appellant did not provide any evidence that she sought an accommodation for the condition or that she identified what accommodations would have been required.  ID at 18.  The administrative judge noted that the medical evidence indicated that the appellant's sleep apnea is fully treatable with the use of a "continuous positive airway pressure" or "CPAP machine."[8]  ID at 16-17.  Additionally, the administrative judge found that, although the appellant submitted a formal request for reasonable accommodation for tendonitis, her condition was temporary and would not qualify her as disabled.  ID at 18-19.  The administrative judge further found that the appellant failed to establish how her tendonitis affected her ability to achieve a fully successful rating in both Critical Elements 1 and 2 or what accommodations would be necessary.  ID at 19.

¶14      In her petition for review, the appellant reasserts that she is disabled.  PFR File, Tabs 1, 5.  She asserts that she originally was hired by the agency under Schedule A hiring authority for people with disabilities and attaches a Schedule A certification.  PFR File, Tab 1 at 3-4; *see* 5 C.F.R. § 213.3102(u).  She further alleges that her coworker told her that her disability was documented by the agency and that he influenced her former supervisor into placing her on a PIP.  PFR File, Tab 5 at 3; *see* I-2 IAF, Tab 10 at 56-57, 60, 63-64.  The appellant contends that she told her coworker, her former supervisor, and her current supervisor that she had a disability and wanted an accommodation.  PFR File, Tab 5 at 3; *see* I-2 IAF, Tab 10 at 28, 56-57, 63.  She also alleges that the agency

---

[7] The appellant submitted medical evidence of diabetes; however it indicates that she only had an "increased risk of diabetes" and not that she suffered from diabetes itself. I-2 IAF, Tab 9 at 14.

[8] The CPAP machine assists an individual to more easily breathe by supplying a constant and steady air pressure to the individual via a hose and a mask or nose piece.

representative told her that the administrative judge could not find her "Files" and "Disability Documents." PFR File, Tab 5 at 3. As evidence of her disabilities, the appellant submits a certificate of service from her former counselor at the Maryland State Department of Education, Division of Rehabilitation Services, stating that she received services from the organization based on her learning disability and back disorder. *Id.* at 2. She also attaches two articles on learning disabilities. *Id.* at 4-6.

¶15        We find that the appellant has failed to establish her disability discrimination claim because she has not provided evidence that the agency knew she had a learning disability or back disorder, that she requested a reasonable accommodation for either condition, or that her removal was based on either condition. *See Sanders*, [114 M.S.P.R. 487](), ¶ 16. Although the appellant submitted a Standard Form (SF) 50 reflecting that she was hired under Schedule A hiring authority, the SF-50 was issued by a different agency. I-2 IAF, Tab 9 at 29. She does not allege that she sent the agency a copy of a letter from the Maryland State Department of Education, Division of Rehabilitation Services certifying her eligibility for Schedule A hiring. *Id.* at 24-28, 30-31, 33. Finally, the appellant did not assert below or in her EEO complaint that the agency failed to accommodate her learning disability or back disorder, and she has not shown that this new argument is based on any material and previously unavailable evidence. I-1 IAF, Tab 1; I-2 IAF, Tab 1, Tab 4 at 4-5, Tab 9; *see* [5 C.F.R. § 1201.115](d). For these reasons, we find that the administrative judge properly denied the appellant's claim of disability discrimination based on a failure to accommodate.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of repayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____

                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.