**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LISSY G. PENTZKE,
      Appellant,

      v.

DEPARTMENT OF THE TREASURY,
      Agency.

DOCKET NUMBER
AT-0432-18-0439-I-1

DATE: March 14, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Stephanie Bernstein, Esquire, and Tyler Sroufe, Esquire, Dallas, Texas, for
    the appellant.

Lisa Pyle, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In *Santos*, 990 F.3d at 1360-63, the U.S. Court of Appeals for the Federal Circuit held for the first time that, in addition to the elements of a chapter 43 case set forth by the administrative judge and discussed below, an agency must also show that the initiation of a performance improvement plan (PIP) was justified by the appellant's unacceptable performance before the PIP. *Id.* Prior to addressing the remand, however, we address the appellant's arguments on review concerning the administrative judge's findings on the elements of a chapter 43 appeal as they existed at the time of the initial decision.

The administrative judge properly found that the agency proved its chapter 43 removal action under pre-*Santos* law.

¶3      At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish the following by substantial evidence[2]:  (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position at the beginning of the appraisal period; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance.  *See* 5 U.S.C.

---

[2] The agency's burden of proof in an action taken under chapter 43 is "substantial evidence," defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.  5 C.F.R. § 1201.4(p).  This is a lower burden than preponderant evidence.

§§ 4302(b), 7701(c)(1)(A); *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

¶4    On petition for review, the appellant largely reargues her case without identifying specific errors in the initial decision. For example, she repeatedly contends that the administrative judge ignored evidence, including her oral reply, affidavits, exhibits, deposition, close of record submission, rebuttal, and pleadings. Petition for Review (PFR) File, Tab 1 at 8, 12, 17-19, 31. However, she fails to cite to specific evidence and explain its relevance or how it would alter the outcome of the appeal. To the extent the appellant does not identify specific errors in the administrative judge's analysis, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992); 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error); *see also Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002) (stating that it is not the Board's obligation to pore through the record to construe and make sense of allegations set forth at various parts of a voluminous case file and the appellant is required to articulate her claims with reasonable clarity and precision). Nonetheless, we address those issues and findings regarding which the appellant has presented specific arguments on review.

¶5    The appellant argues that the administrative judge erred in finding that the agency's performance standards were valid because she contends that they are vague, ambiguous, and subjective. PFR File, Tab 1 at 9-10. However, the administrative judge acknowledged that the agency's performance standards were somewhat subjective; but she found that they were not impermissibly vague in light of the appellant's position as an Investigator, which she determined could not be assessed using a mechanical or quantitative formula but rather necessarily

involved a degree of subjective professional judgment. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 7.[3]

¶6        Moreover, the administrative judge further found that the agency's PIP along with the feedback that the appellant's supervisor provided to her during the PIP meetings cured any deficiency by fleshing out the required standards. ID at 8. We discern no error in the administrative judge's analysis. *See, e.g., Salmon v. Social Security Administration*, 663 F.3d 1378, 1381-82 (Fed. Cir. 2011) (finding that the agency's performance standards of demonstrates job knowledge and achieves business results, as fleshed out by the appellant's supervisor's direct and precise feedback regarding the deficiencies in the appellant's work and how to remedy such deficiencies, were sufficiently objective); *Greer v. Department of the Army*, 79 M.S.P.R. 477, 484 (1998) (finding that a reasonable person could find that the appellant's performance standards were valid considering the scientific expertise required and the independence and discretion he had in carrying out his work and that any lack of specificity was cured because the agency continually gave the appellant

---

[3] The appellant also argues that her performance standards were invalid because, similar to the standards in *Van Prichard v. Department of Defense*, 117 M.S.P.R. 88 (2011), *aff'd*, 484 F. App'x 489 (Fed. Cir. 2012), they failed to define the minimum level of performance required to avoid removal. PFR File, Tab 1 at 9. However, we find *Van Prichard* distinguishable. In *Van Prichard*, the agency's performance standards failed to define the levels of performance for each critical element and only defined Marginal performance in a general definitions section as performance that is "less than Fully Successful and supervisory guidance and assistance is more than normally required." *Van Prichard*, 117 M.S.P.R. 88, ¶ 17. The Board found that the Marginal performance standard was an invalid backwards standard because it described what the appellant should not do instead of what was required to obtain an acceptable level of performance. *Id.*, ¶ 18. In contrast, here, the agency's performance plan defines minimally satisfactory performance as performance "between the levels described for Fully Successful and Unacceptable" and also defines the levels of performance for each critical element at the Outstanding, Fully Successful, and Unacceptable levels. IAF, Tab 10 at 44, 47, 50. Thus, we find that the agency's standard is not an invalid backwards standard. Nor does the agency's minimally satisfactory performance standard improperly require extrapolation more than one level above and below which there is a written standard. PFR File, Tab 1 at 9; *see, e.g., Donaldson v. Department of Labor*, 27 M.S.P.R. 293, 297-98 (1985).

comments on his work assignments during the PIP); *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 99 (1989) (stating that the fact that a performance standard may call for a certain amount of subjective judgment on the part of the employee's supervisor does not automatically invalidate it), *aff'd,* 899 F.2d 1228 (Fed. Cir. 1990) (Table); *Donaldson v. Department of Labor*, 27 M.S.P.R. 293, 301-02 (1985) (finding that the work of a GS-12 coal mine inspector who performed a wide range of independent investigations could not be measured by mechanical standards, but rather required subjective judgment by the appellant's supervisor on the appropriateness of the appellant's actions). Thus, we find that the appellant's arguments on review fail to establish any error in the administrative judge's findings.

The administrative judge properly found that the appellant failed to prove that she made protected disclosures in August 2015.

¶7    Regarding her affirmative defense of whistleblower reprisal, the appellant alleged that, in August 2015, she disclosed to her supervisor that (1) another investigator told her that there was no need for two companies that she was investigating to obtain wholesaler's basic permits, a determination with which the appellant disagreed, and (2) her supervisor denied her request for a cease and desist letter to be issued to the two companies to instruct them not to sell alcohol without a permit. IAF, Tab 27 at 32-34. On review, the appellant argues that the administrative judge erred in finding that she failed to prove that she reasonably believed that she was disclosing a violation of a law, rule, or regulation because she identified a specific law, 27 U.S.C. § 203. PFR File, Tab 1 at 19-22. However, the administrative judge did not find that the appellant failed to identify a specific law. Rather, as set forth below, she found that the appellant failed to prove that she reasonably believed she was disclosing a violation of a law, rule, or regulation. ID at 14. On review, the appellant has not established any error in the administrative judge's finding.

¶8          The appellant's description of the events surrounding the investigation of the two companies as well as her alleged disclosures to her supervisor concerning her disagreement with the other investigator regarding permitting requirements lack sufficient detail and clarity.  IAF, Tab 27 at 45-54.  For example, the appellant states that she called her supervisor regarding an email from the other investigator, which the appellant considered to provide "partially false and misleading information" about permit regulations.  *Id.* at 48.  However, she fails to describe in any detail what she disclosed to her supervisor.  Thus, she has not established by preponderant evidence that she reasonably believed she was disclosing one of the categories of wrongdoing set forth in 5 U.S.C. § 2302(b)(8).

¶9          Even assuming the appellant reasonably believed she was disclosing that the two companies were operating without a permit in violation of 27 U.S.C. § 203(a) and (c), such a disclosure does not amount to a protected disclosure because it fails to implicate Government wrongdoing.  *See Aviles v. Merit Systems Protection Board*, 799 F.3d 457, 463-66 (5th Cir. 2015); *Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶¶ 6-7 (2001); *cf. Covington v. Department of the Interior*, 2023 MSPB 5, ¶¶ 20-31 (finding that the appellant's disclosures regarding the Navajo Nation's activities implicated the Government's interests and good name based on the unique relationship between the agency and the Navajo Nation in which the agency had fiduciary duty and statutory trust responsibility to oversee Indian forest lands).

¶10         Additionally, to the extent the appellant alleges that she reasonably believed that the other investigator and/or her supervisor were concealing potential smuggling or other illegal activity because she faced "adamant opposition" during the investigation that was "suspicious," IAF, Tab 27 at 35, we find that she has not alleged facts sufficient to show by preponderant evidence that she had a reasonable belief that the Government was implicated in any wrongdoing, *see, e.g.*, *Aviles*, 799 F.3d at 466-67 (finding that the appellant's vague and conclusory allegations of a Government "cover up" of alleged tax fraud by Exxon alone were

insufficient to establish even a nonfrivolous allegation of a protected disclosure). Rather, the appellant's alleged disclosures amount to her disagreement concerning the application of the permitting requirements to the facts of the two investigations. *See, e.g.*, 5 U.S.C. § 2302(a)(2)(D) (communications concerning policy decisions that lawfully exercise discretionary authority are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A)); IAF, Tab 27 at 52 (affidavit of the appellant) (stating that ultimately it was within her supervisor's discretion whether to issue the permits).

<u>On remand, the administrative judge shall reconsider whether the appellant's protected activity was a contributing factor in her removal.</u>

¶11     To establish her prima facie case of whistleblower reprisal, the appellant must prove that a protected disclosure or activity was a contributing factor in a personnel action taken against her. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6 (2022). One way to prove contributing factor is by the knowledge/timing test under which an appellant may show that her protected disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that (1) the official taking the personnel action knew of the disclosure or activity; and (2) the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 19.

¶12     The appellant alleged that in May 2017, she reported to the agency's Office of the Inspector General (OIG) the issues described in disclosures 1 and 2 above.[4] IAF, Tab 27 at 35, 53. Although a disclosure to the OIG constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C), the administrative judge found that the appellant failed to prove that her protected activity was a contributing factor in

---

[4] The initial decision incorrectly states the appellant's OIG report occurred in May 2016, ID at 12, when the appellant alleged that it occurred in May 2017, IAF, Tab 27 at 35, 53.

her removal because she failed to show that her supervisor, who was the proposing official, was aware that she had filed an OIG complaint. ID at 14. On review, the appellant asserts that the administrative judge erred because the agency admitted that her supervisor was aware of three grievances she filed, including a May 19, 2017 grievance. PFR file, Tab 1 at 23-24; IAF, Tab 30 at 27. However, it is unclear whether this refers to the appellant's disclosure to the OIG in May 2017. In her sworn declaration, the appellant's supervisor stated that she was not aware of the appellant's OIG complaint at the time she rated the appellant unacceptable in her midyear performance review, which led to the appellant's placement on the PIP and ultimately her removal. IAF, Tab 26 at 16.

¶13        However, it is the agency, not its individual officials, from whom an appellant seeks corrective action, and actual knowledge by a single official is not dispositive. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). In addition to the knowledge/timing test, there are other possible ways for an appellant to satisfy the contributing factor standard. *See id.* Thus, the Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether they had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. Accordingly, on remand, the administrative judge shall apply the factors set forth in *Dorney* as well as consider any other evidence that may be relevant to a contributing factor determination. If the administrative judge finds that the appellant met her burden of proving contributing factor, she shall address whether the agency met its burden of proving, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the appellant's protected activity. 5 U.S.C. § 1221(e)(2); *Karnes v. Department of Justice*, 2023 MSPB 12, ¶ 23.

<u>The administrative judge properly found that the appellant failed to prove her affirmative defenses of due process violations and harmful procedural error.</u>

¶14     On review, the appellant argues that the administrative judge erred in finding that she failed to timely raise her affirmative defenses of due process violations and harmful procedural error. PFR File, Tab 1 at 6. However, any such error does not provide a basis for reversal because the administrative judge also found that the appellant failed to prove her claims. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). In particular, the administrative judge found that the appellant was provided the materials relied upon by the agency and she was allowed a reasonable opportunity to review such materials before presenting her reply. ID at 12 n.11. We discern no error in the administrative judge's conclusion. The record reflects that the agency proposed the appellant's removal on January 9, 2018, and allowed her 21 days to respond to the proposal, orally and in writing. IAF, Tab 10 at 307, 333. However, the deadline was extended, and the appellant responded on March 8, 2018. *Id.* at 373. Moreover, the appellant acknowledges in her affidavit that, once the agency resolved her technical difficulties in accessing the materials relied upon, she had 7 days to review the materials and prepare her oral and written reply. IAF, Tab 27 at 62; *see* 5 U.S.C. § 7513(b)(2).

<u>Remand is required under *Santos*.</u>

¶15     Although the appellant has identified no basis for us to disturb the administrative judge's findings below that the agency proved its performance-based action under pre-*Santos* law, we nonetheless must remand the appeal. During the pendency of the petition for review in this case, the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's

performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶16 The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative judge may incorporate her prior findings and the Board's findings here on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

**ORDER**

¶17        For the reasons discussed above, we grant the appellant's petition for review and remand this case to the regional office for further adjudication in accordance with this Remand Order.


*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.